# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Switch, Ltd., a/k/a Switch Communications Group, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Firespotter Labs a/k/a Switch Communications, Inc., <br><br> Defendant. | No: 2:14-cv-1727-JAD-NJK <br><br> **Order Denying *Ex Parte* Application for Temporary Restraining Order [Doc. 6] and Motion for Preliminary Injunction [Doc. 7]** |

    Plaintiff Switch, Ltd., a Nevada-based colocation and data services provider, sues Switch Communications, Inc., a California-based provider of cloud-computing business telephony services. Doc. 5. Plaintiff contends that defendant, who recently changed its name from "Firespotter Labs" to "Switch Communications," is violating, *inter alia*, the Lanham Act's cybersquatting provision by operating the website Switch.co despite the fact that plaintiff has numerous registered trademarks for variations of the Switch name that are well known in the business community. *Id.* at 3-5. Plaintiff seeks both an *ex parte* temporary restraining order against defendant and a preliminary injunction, arguing that it will suffer irreparable harm if defendant continues to use the website. Docs. 6, 7.[1] I do not find that plaintiff has demonstrated irreparable harm, and I deny the motions.

---

[1] Both filings are identical, and I refer to the Application for Temporary Restraining Order [Doc. 6] for the remainder of this order.

**Discussion**

The standards for granting a temporary restraining order and a preliminary injunction are the same.[2] Under Rule 65(d), "Every order granting an injunction . . . must: (a) state the reasons why it issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."[3] "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."[4] It is never granted as of right.[5] As the United States Supreme Court explained in *Winter v. Natural Resources Defense Council*, the district court inquires whether the movant has demonstrated: (1) a likelihood of success on the merits, (2) irreparable injury, (3) that remedies available at law are inadequate, (4) that the balance of hardships justify a remedy in equity, and (5) that the public interest would not be disserved by a favorable ruling.[6] Additionally, when a temporary restraining order is sought, as here, on an *ex parte* basis, the movant must set out: "(A) specific facts in an affidavit or verified compliant [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard; and (B) the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required."[7] "Although the restrictions imposed [on a Rule 65(b) request] . . . are stringent, they 'reflect the fact that our

---

[2] *See Stuhlbarg International Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Tootsie Roll Industries, Inc. v. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del. 1987) (applying preliminary injunction standard to temporary retraining order issued with notice). Otherwise, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Board of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

[3] Fed. R. Civ. Proc. 65(d).

[4] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted).

[5] *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). *See also eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006).

[6] *See Winter*, 555 U.S. at 20.

[7] Fed. R. Civ. Proc. 65(b)(1).

entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'"[8]

The movant must demonstrate actual irreparable harm to obtain pretrial injunctive relief, and just last year the Ninth Circuit expressed its skepticism of alleged harm to business reputation and goodwill that is "grounded in platitudes rather than evidence."[9]

The lack of evidence proves especially problematic for plaintiff here. The switch.co domain name was registered on April 28, 2010, and the website was launched on September 30, 2014. Perhaps it is the recency of this activity that has left the plaintiff unable to demonstrate irreparable harm. Whatever the reason, however, plaintiff has offered only the conclusory argument that "Defendant's actions are likely to cause consumers to falsely believe that the services provided by Defendant are somehow endorsed by or affiliated with Plaintiff Switch's high quality telecommunication and colocation services," and "[t]hus, Plaintiff Switch will suffer damage to its goodwill and reputation as a result of Defendant's actions because Plaintiff Switch has no control over the type and/or quality of the services provided by Defendant in connection with the Infringing Domain Name"—harm that "would be immeasurable by Plaintiff Switch." Doc. 6 at 12. Plaintiff Switch cites as support for this conclusory argument the affidavit of Samuel Castor, Esq., who offers this same language verbatim. *See* Doc. 6 at 37, ¶ 16-20.

These allegations and averments do little more than presume irreparable harm, and they fail to rise to the level required to obtain injunctive relief in this trademark case. As the Ninth Circuit explained in *Herb Reed*, "Gone are the days when 'once the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue.'"[10] "Those

---

[8] *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (quoting *Granny Goose Foods, Inc. v. Board of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974).

[9] *Herb Reed Enterprises, LLC v. Florida Entertainment Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013), *cert. denied*, 2014 WL 1575656 (Oct. 6, 2014).

[10] *Id.* at 1250 (quoting *Rodeo Collection, Ltd. v. W. Seventh,* 812 F.2d 1215, 1220 (9th Cir. 1987)).

seeking injunctive relief" must do more than just state or argue they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm."[11] Plaintiff's evidence only amounts to speculation of future harm, which "does not meet the standard of showing 'likely' irreparable harm."[12] And because the test for either a temporary restraining order or a preliminary injunction requires satisfaction of all factors, failure to satisfy any one of them—as plaintiff has failed to show likely irreparable harm here—requires the denial of both the temporary restraining order and preliminary injunction.[13]

## Conclusion

Accordingly, it is HEREBY ORDERED that Plaintiff's *Ex Parte* Application for Temporary Restraining Order **[Doc. 6]** and Motion for Preliminary Injunction **[Doc. 7] are DENIED** without prejudice.

DATED: October 24, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[11] *Id*. at 1251.

[12] *See id.* at 1250.

[13] *See Gita Green v. WePe Industry, LLC*, 2014 WL 4656229, at *4 (D. Nev. Sept. 16, 2014).