1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

SWITCH, LTD., aka SWITCH
COMMUNICATIONS GROUP, LLC,

Plaintiff,

v.

FIRESPOTTER LABS, aka SWITCH
COMMUNICATIONS, INC.,

Defendant.

Case No. 2:14-cv-01727-APG-NJK

**ORDER TEMPORARILY SEALING
BRIEF**

(Dkt. #43)

11      Plaintiff Switch, Ltd. a/k/a Switch Communications Group, LLC ("Plaintiff Switch") filed

12   its opposition to defendant's motion to amend (Dkt. #42) under seal.  It also filed a motion

13   seeking keep that document under seal. (Dkt. #43.)  Plaintiff Switch relies on Magistrate Judge

14   Koppe's February 17, 2015 Protective Order. (Dkt. #25.)  But that order does not permit the

15   wholesale sealing of entire documents, nor the automatic sealing of material designated

16   "confidential."  To the contrary, Judge Koppe's related order (Dkt. #26), filed that same day,

17   states that the "parties have not provided specific facts supported by declarations or concrete

18   examples to establish that a protective order is required to protect any specific trade secret or

19   other confidential information pursuant to Rule 26(c) or that disclosure would cause an

20   identifiable and significant harm." (Dkt. #26 at 2:8-11.)  Thus, a party seeking to file documents

21   under seal must comply with the Ninth Circuit's directive in *Kamakana v. City and County of*

22   *Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and with the procedures outlined in Judge Koppe's

23   order. (*Id.* at 1-3.)  Plaintiff Switch has violated that order.

24      Generally, the public has a right to inspect and copy judicial records. *Kamakana*, 447 F.3d

25   at 1178.  Such records are presumptively publicly accessible. *Id.*  Consequently, a party seeking

26   to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*  Protection of

27   trade secrets, in an appropriate case, may justify sealing a judicial record. *Id.*

28

1    Plaintiff Switch has sealed the entire filing even though there appears to be comparatively
2    very little confidential information contained in the motion and attached exhibits.  The mere fact
3    that one party designated information as confidential under a protective order does not satisfy
4    *Kamakana* or Judge Koppe's orders.  Only those portions of the motion that contain specific
5    reference to confidential documents or information, and the exhibits that contain such confidential
6    information, may be filed under seal.  The remainder of the motion, and other exhibits that do not
7    contain confidential information, must be filed as publicly-accessible documents.

8        I will allow the opposition to remain sealed temporarily so the parties may comply with
9    the procedures laid out in Judge Koppe's orders.  If any party determines that a portion of the
10   opposition should remain sealed, that party must file a motion to seal along with a proposed
11   redacted version of the filing within 14 days of the date of this order.  If redaction is not feasible,
12   the motion must explain why it is not.  Any motion to seal must comply with Judge Koppe's
13   orders.

14       IT IS THEREFORE ORDERED that Plaintiff Switch's opposition **(Dkt. #42) shall**
15   **remain sealed pending further order of the court.**

16       IT IS FURTHER ORDERED that the parties shall confer about what, if any, portions of
17   the motion and its exhibits should be sealed and shall comply with the procedures laid out in
18   Judge Koppe's orders.  If any party determines that a portion of the filing should remain sealed,
19   that party must file a motion to seal along with a proposed redacted version of the filing or an
20   explanation of why redaction is not feasible.  Any motion to seal must comply with Judge
21   Koppe's orders.

22       IT IS FURTHER ORDERED that if a motion to seal is not filed within 14 days of the date
23   of this order, Plaintiff Switch's opposition will be unsealed.

24       DATED this 16th day of December, 2015.

25

26       _____
         ANDREW P. GORDON
27       UNITED STATES DISTRICT JUDGE

28